## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | | |
|---|---|---|---|
| 1. | **RINEKA BURRELL,** | ) | |
| | | ) | |
| | **Plaintiff,** | ) | |
| **v.** | | ) | **CIV-22-528-R** |
| | | ) | |
| 1. | **NORTHWEST PEDIATRICS OF** | ) | |
| | **OKLAHOMA CITY, INC. F/K/A** | ) | |
| | **NORTHWEST PEDIATRICS OF** | ) | |
| | **OKLAHOMA CITY, INC., P.C.,** | ) | |
| | | ) | **JURY TRIAL DEMANDED** |
| | **Defendant.** | ) | **ATTORNEY LIEN CLAIMED** |

## COMPLAINT

**COMES NOW** the Plaintiff, Rineka Burrell, and for her Complaint against Defendant, Northwest Pediatrics of Oklahoma City, Inc. f/k/a Northwest Pediatrics of Oklahoma City, Inc., P.C., alleges and states as follows:

## PARTIES

1.     Plaintiff, Rineka Burrell ("Plaintiff"), is an adult female resident of Oklahoma County, Oklahoma.

2.     Defendant, Northwest Pediatrics of Oklahoma City, Inc. f/k/a Northwest Pediatrics of Oklahoma City, Inc., P.C. ("Defendant"), is an entity doing business in and around Oklahoma County, Oklahoma.

## JURISDICTION AND VENUE

3.     This is a cause of action arising out of Plaintiff's former employment with Defendant and is based on the following claims: (a) race discrimination, harassment, the creation of a hostile work environment, and retaliation in violation of 42 U.S.C. §1981; and (b) race discrimination, harassment, the creation of a hostile work environment, and retaliation in violation of Title VII.

4.      Jurisdiction over Plaintiff's federal causes of action is vested in this Court under 28 U.S.C. § 1331.

5.      To the extent required, Plaintiff exhausted her administrative remedies as to the above-listed claims by timely filing a Charge of Discrimination with the Office of Civil Rights Enforcement ("OCRE") on or about August 11, 2020.  Plaintiff received her Dismissal and Notice of Rights letter from the OCRE dated on or about April 29, 2022 (received by Plaintiff by mail thereafter) and has timely filed this action within ninety (90) days of receipt of the notice of right to sue.

6.      Defendant is located in Oklahoma County, and all acts complained of occurred in or around Oklahoma County.  Oklahoma County is located within the Western District of the United States District Court of Oklahoma.  Thus, venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

7.      Plaintiff, who is Black, was employed as a Scheduler with Defendant for approximately one (1) year, from on or about August 21, 2019, until on or about August 11, 2020.

8.      Throughout her employment, Plaintiff satisfactorily performed her job.  She was complimented on her work performance.  And, at no time was she written up.

9.      Despite her good work performance, Plaintiff was terminated from her employment with Defendant on or about August 11, 2020.

10.      No reason was given for her termination.

11.      Significantly, she was fired immediately upon telling her supervisor, Office Manager Erica Wooten, that she (Plaintiff) had contacted the Oklahoma Office of Civil Rights Enforcement about filing a race discrimination complaint.

2

12.     More particularly, on or about July 28, 2020, Plaintiff was filling in at the front reception desk due to the fact that the Receptionist had left employment without working their full notice period.

13.     After returning from lunch that day (i.e, on or about July 28, 2020), Wooten called Plaintiff to her office.  Wooten told Plaintiff, who wore her hair natural, that she could not work the front desk with her hairstyle.

14.     Distraught by this statement and action, Plaintiff explained that she did not understand, as she had worn her hair in the same style throughout her employment.

15.     Wooten said that Plaintiff's hairstyle had not previously been an issue because Plaintiff normally worked behind a wall.  However, it was an issue at that time because she was filling in at the front desk.

16.     This was not the first time derogatory comments had been made about Plaintiff's hair during her employment.  For instance, in or around December 2019, one of Plaintiff's co-workers repeatedly asked when Plaintiff was going to get a permanent in her hair, telling Plaintiff that she could not go to the office Christmas party with her hair in the manner it was styled.

17.     Plaintiff was also previously told by Wooten and a co-worker that some of the other staff complained about and said they were "offended" by Plaintiff's hair.

18.     Significantly, however, Plaintiff's hair style was natural, neat and clean.  And, Defendant's employee handbook stated that employees were to wear their hair in a neat and clean manner.

19.     On another occasion, one of the physicians at the clinic, who is believed to be White, was overheard commenting about another Black employee's hair, remarking it was a wig.  That is, a Hispanic employee was saying a product she put in her hair made it feel a

certain way, at which time the physician interjected, "like what, a wig, like Celana," who was a Black employee.

20.     About two weeks after telling Plaintiff that she could not work at the front desk with her natural hair, Wooten called Plaintiff into her office again on or about August 11, 2020.

21.     During the meeting, Wooten said Plaintiff seemed to be acting differently. Plaintiff explained that she was extremely hurt by the manner in which she had been treated, being told she could not work at the front desk with her natural hair.

22.     Wooten responded that "someone" (believed to be one of the physicians, all of whom are White) had complained that they were offended by Plaintiff's hair.  Yet, there was nothing offensive about Plaintiff's hair, which Plaintiff told Wooten.

23.     Plaintiff further told Wooten that she had called the Office of Civil Rights Enforcement about filing a discrimination complaint.

24.     Immediately upon Plaintiff telling Wooten this, Wooten said, "We're going to have to let you go."

25.     Wooten did not give any reason for terminating Plaintiff.

26.     As a direct and proximate result of Defendant's actions, Plaintiff has suffered injuries described below.

## COUNT I:  42 U.S.C. § 1981 Violations

For her first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

27.     The matters alleged above constitute violations of 42 U.S.C. § 1981 in the nature of race-based discrimination, harassment, the creation of a hostile work environment, and retaliation.

28.     Plaintiff is entitled to relief because she is Black; she was qualified for her job; she was fired; and her job was not eliminated.

29.     Plaintiff is also entitled to relief due to the fact that when looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of her employment, and the harassment was racial or stemmed from racial animus.

30.     Plaintiff is also entitled to relief because she engaged in protected opposition to race discrimination; she suffered an adverse action; and a causal link exists between the protected activity and the adverse action.

31.     Plaintiff is also entitled to relief for participating in proceedings concerning harassment and discrimination, including contacting the OCRE/EEOC.  Plaintiff engaged in protected activity by *inter alia* contacting the OCRE to file a race-based complaint; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

32.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages.

33.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

## COUNT II:  Title VII (Race)

For her second cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

34.     The matters alleged above constitute violations of Title VII of the Civil Rights Act of 1964 in the nature of race discrimination, harassment, hostile work environment, and retaliation.

35.     Plaintiff is entitled to relief because she is Black; she was qualified for her job; she was terminated from her employment with Defendant; and her job was not eliminated.

36.     Plaintiff is entitled to relief due to the fact that when looking at the totality of the circumstances, Plaintiff was subject to harassment which was pervasive or severe enough to alter the terms, conditions or privileges of her employment, and the harassment was racial or stemmed from racial animus.

37.     Plaintiff is also entitled to relief because she engaged in protected opposition to race discrimination; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

38.     Plaintiff is also entitled to relief for participating in proceedings concerning harassment and discrimination, including contacting the OCRE/EEOC.  Plaintiff engaged in protected activity by *inter alia* contacting the OCRE to file a race-based complaint; she suffered an adverse action subsequent to the protected activity; and a causal link exists between the protected activity and the adverse action.

39.     As damages, Plaintiff has suffered lost earnings, past and future, emotional distress and other equitable and compensatory damages allowed by the Civil Rights Act of 1991.

40.     Because the actions of the Defendant were willful, wanton or, at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages as provided by the Civil Rights Act of 1991.

## **REQUEST FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests this Court enter judgment in favor of Plaintiff and against Defendant and award compensatory damages, back pay, front pay, emotional distress damages, punitive damages, together with any appropriate equitable relief,

pre- and post-judgment interest, costs and attorney's fees.

Respectfully submitted this 23rd of June, 2022.

s/ Jana B. Leonard
JANA B. LEONARD, OBA #17844
SHANNON C. HAUPT, OBA #18922
LEONARD & ASSOCIATES, P.L.L.C.
8265 S. Walker
Oklahoma City, Oklahoma 73139
(405) 239-3800 (telephone)
(405) 239-3801 (facsimile)
leonardjb@leonardlaw.net
haupts@leonardlaw.net